UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM M. BARRY,
    Plaintiff,

vs.

Case No.: 8:11 cv 1776 T24 TGW

BETH A. BARRY,
    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, BETH A. BARRY, by her undersigned attorney, files this motion and says:

1. The Plaintiff filed the Complaint against the Defendant seeking damages for breach of contract and enforcement of the contract.

2. The contract is a Separation and Property Settlement Agreement entered into by the parties on April 17, 1987. A copy is attached to Plaintiff's complaint and adopted by reference.

3. The jurisdiction alleged by Plaintiff is based on diversity of citizenship.

4. The Defendant filed a dissolution of marriage action in Pinellas County, Florida in 2000. (Case No. 00-012018-FD).

5. In that case, at trial, the Plaintiff, pro se, sought orally to raise as a defense to the Defendant's request for alimony, the existence of the agreement.

6. The Plaintiff, in that case, failed to plead defenses as required by Fla. R. Civ. P., Rule 1.140 and Rule 1.110(d).

7. The trial judge did not permit the Plaintiff to argue or present the agreement because he had not pled it as an affirmative defense, as required. See

transcript of proceedings, excerpt, a copy of which is attached to Plaintiff's complaint and adopted by reference. See pages 12-15.

8. A Final Judgment of Dissolution of Marriage was entered on January 16, 2001 awarding permanent alimony in the amount of $2,400 per month.

9. The Final Judgment was not appealed.

10. Because this is a diversity case, state law is applied. Erie Railroad Co. v. Tompkins, 340 U.S. 64, Hanna v. Plumer, Executor, 380 U.S. 460, William Gasperini v. Center for Humanities, Inc., 518 U.S. 415.

11. Because this is an action based on a written contract, there is a 5-year statute of limitations. Medical Jet, S.A. v. Signature Flight Support-Palm Beach, Inc., 941 So.2d 576 (Fla. 4th DCA 2006), §95.11(2)(b), Fla. Stat.

12. The Plaintiff's claim is barred by the statute of limitations.

13. The statute of limitations applies to independent actions on a judgment. George A. Michael v. Valley Trucking Co., Inc., 832 So.2d 213 (Fla. 4th DCA 2002).

14. The statute of limitations begins when the first breach occurs. Servicios De Almacen Fiscal Zona Franca Y Mandatos S.A., a/k/a S.A.F., S.A. v. Ryder International, Inc., Ryder Systems Inc., 264 Fed. Appx.878, Dinerstein v. Paul Revere Life Insurance Company, 173 F.3d 826, or when the first overcharge (overpayment) occurs. Fleetwing Corporation v. Mobil Oil Corporation, 726 F.2d 768.

15. Since the Plaintiff did not appeal the Final Judgment of Dissolution of Marriage, the Plaintiff's claim is barred by the doctrine of res judicata. Migra v. Warren City School District Board of Education Et Al, 465 U.S. 75, Durfee v. Duke, 375 U.S. 106.

16. The Plaintiff's claim is barred by the doctrine of "preclusive effect" or collateral estoppel. Migra.

17. The defenses raised in this motion appear on the face of Plaintiff's Complaint and are, therefore, available for a Motion to Dismiss. Rule 1.140(b) Fla. R. Civ. P., Hawkins v. Williams, 200 So.2d 800 (fla. 1967).

18. A judgment which establishes future rights is res judicata regarding those rights if later contested. Seaboard Coast Line Railroad Co. v. Gulf Oil Corp., 409 F.2d 879 (5th Cir. 1969). If a litigant allows a judgment to be entered, estoppels applies because of the finality of the judgment.

WHEREFORE, Defendant requests this Court enter its order dismissing Plaintiff's Complaint.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing *Motion to Dismiss* has been furnished by US Mail to: Lyndi Ann Gordon, Esq., 2655 Ulmerton Road, Clearwater, FL 33762, on this 2 day of September, 2011.

Respectfully submitted,

By: _____
K. Dean Kantaras, Esq., BCS
Florida Bar No. 970727
Attorney for Defendant
K. Dean Kantaras, P.A.
3531 Palm Harbor Blvd.
Palm Harbor, FL 34683
Telephone: 727.781.0000
E-mail: kdk@kantaraslaw.com

Courtesy Copy: Honorable Thomas G. Wilson