UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM M. BARRY,

      Plaintiff,

v.                                                                    Case No.: 8:11-cv-1776-T-24-TGW

BETH A. BARRY,

      Defendant.

_____/

**ORDER**

      This cause comes before the Court on Defendant Beth A. Barry's Motion to Dismiss

(Doc. No. 13).  Plaintiff William M. Barry filed a response in opposition to the motion (Doc. No.

15).  For the following reasons, the motion is granted.

**I.**      **Background**

      On August 9, 2011, Plaintiff sued Defendant for breach of contract and alleged the

following: On April 17, 1987, Plaintiff and Defendant ("Parties") entered into a Separation and

Property Settlement Agreement ("1987 Agreement").  (Doc. No. 1, ¶ 8).  The 1987 Agreement

included a provision regarding spousal maintenance, requiring Plaintiff to make weekly spousal

maintenance payments to the Defendant until April 30, 1992.  (Doc. No. 1, ¶ 11).  The 1987

Agreement also provided for the Parties' acceptance of the 1987 Agreement "in lieu of, and in

full settlement and satisfaction of any and all claims and rights against the other for his or her

support and maintenance . . . ." (Doc. No. 1, ¶ 12).  Furthermore, under the 1987 Agreement, the

Parties agreed that the "Agreement shall not be invalidated or otherwise affected by any Decree

of Judgment of Separation or Divorce made by any Court in any action which may hereafter be

instituted by either party against the other for a separation or marriage or divorce . . . ." (Doc.
No. 1, ¶ 17).

Plaintiff alleges that he paid Defendant all spousal maintenance payments required by the
1987 Agreement.  (Doc. No. 1, ¶ 29).  However, in 2000, Defendant filed for divorce and made a
demand for alimony.  (Doc. No. 1, ¶ 30).  Plaintiff alleges that, at the final hearing in the divorce
action, the state court explicitly refused to consider the 1987 Agreement in rendering its final
judgment.  (Doc. No. 1, ¶ 34).  Pursuant to the state court's final judgment in the divorce action,
Plaintiff is to pay Defendant monthly alimony payments.  (Doc. No. 1, ¶ 33).

Plaintiff alleges that Defendant breached the 1987 Agreement in 2000 when she filed for
divorce and demanded alimony, and that Defendant continues to breach the 1987 Agreement
every time she receives court-ordered monthly alimony payments.  (Doc. No. 1, ¶¶ 30, 32).
Plaintiff seeks damages in excess of $75,000.  (*See* Doc. No. 1, ¶ 3).

## II.    Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a short and plain
statement of the claim showing the pleader is entitled to relief in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests.  *Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 555 (2007) (citations omitted).  Although Rule 8 does not require a claimant to set out
in detail the facts upon which he bases his claim, "it demands more than an unadorned, the-
defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true,
to state a plausible claim for relief.  *Id.*  Where a complaint contains well-pleaded facts, if those
facts "do not permit the court to infer more than the mere possibility of misconduct," the

2

complaint stops short of showing the plaintiff is entitled to relief. *Id.* at 1950. Furthermore, while a court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. *Id.* at 1949–50. The door to discovery will not open for a plaintiff "armed with nothing more than conclusions." *Id.* at 1950. However, regardless of the factual allegations, a court "may dismiss a complaint on a dispositive issue of law." *Acosta v. Campbell*, 309 F. App'x 315, 318 (11th Cir. 2009) (per curiam). Dismissal is proper when "no construction of the factual allegations will support the cause of action." *Marshall Co. Bd. of Educ. v. Marshall Co. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III.   Discussion

Defendant argues the Court should dismiss Plaintiff's complaint because Plaintiff's claim is barred by (1) the statute of limitations; (2) the doctrine of res judicata; and (3) the doctrine of "preclusive effect" or collateral estoppel. (Doc. No. 13, ¶¶ 12, 15, 16).

Plaintiff responds that his claim is not barred by the statute of limitations, first, because the 1987 Agreement included an anti-waiver clause, in which the parties expressly agreed that "no waiver of any breach or condition of this Agreement shall be deemed to be a waiver of any other or subsequent breach of condition," and, second, because each alimony payment to the Defendant constitutes accrual of a new cause of action for breach of the 1987 Agreement. (Doc. No. 15). Next, Plaintiff argues that his claim is not barred by the doctrine of res judicata, first, because there is no identity in the causes of action, and, second, because the state court did not adjudicate the instant breach of contract claim in the proceedings to dissolve the Parties' marriage. (Doc. No. 15). Finally, Plaintiff argues that his claim is not barred by the doctrine of collateral estoppel, first, because the issue in the present case (breach of contract) is not identical

3

to the issue in the earlier case (dissolution of marriage), second, because Plaintiff was not given a full and fair opportunity to litigate the instant breach of contract issue during the state court's proceedings to dissolve the Parties' marriage, and third, because the breach of contract issue was not actually litigated previously, because the state court did not consider 1987 Agreement when rendering its judgment.  (Doc. No. 15).

The Court concludes that Defendant's motion to dismiss should be granted.  In Florida, the statute of limitations for a breach of contract action is five years.  Fla. Stat. 95.11(2)(b).  Generally, the statute of limitations begins to run from the time of the breach.  *Servicios de Almacen Fiscal Zona Franca y Mandatos S.A. v. Ryder Int'l, Inc.*, 264 F. App'x  878, 880 (11th Cir. 2008) (per curiam); *State Farm Mut. Auto. Ins. Co. v. Lee*, 678 So. 2d 818, 821 (Fla. 1996) (per curiam).  Plaintiff claims the 1987 Agreement was first breached when Defendant filed for divorce and demanded alimony in 2000.  (*See* Doc. No. 1, ¶30).  Therefore, the five-year statute of limitations began to run from that date.  Plaintiff's continued spousal support payments under the state court's Final Judgment of Dissolution of Marriage do not constitute independent breaches of the 1987 Agreement and have no bearing on the statute of limitations.  Florida recognizes that "in the case of debts payable by installments, the statute of limitations runs against each installment from the day it becomes due."  *Bishop v. State of Fla., Div. of Ret.*, 413 So. 2d 776, 778 (Fla. 1st Dist. Ct. App. 1982) (citing *Isaacs v. Deutsch*, 80 So. 2d 657 (Fla. 1955)).  However, here, Plaintiff alleges a breach of the 1987 Agreement, not of an installment contract.  (Doc. No. 1, ¶ 1).

Furthermore, the 1987 Agreement's waiver provision permits a party to challenge a breach of the 1987 Agreement, even if a previous breach went unchallenged, but it does not impact the statutory limitations period in which a party could pursue such a challenge.

Because more than five years have passed since Defendant's alleged breach in 2000, Plaintiff's claim is time-barred by the statute of limitations and must be dismissed. Additionally, because the Court concludes that Plaintiff's claim is time-barred and, thus, subject to dismissal, the Court need not address Defendant's remaining arguments as to why the complaint should be dismissed.

## IV.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. No. 13) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment in Defendant's favor and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of October, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5